## † NUTT *versus* MERRILL.

For damages recovered against a sheriff and counsel fees by him incurred, on account of the misdoings of his deputy, he can only obtain indemnity by a suit upon the latter's bond.

And in a suit by such *deputy* against a party who directed him to attach certain property, for which acts the sheriff was sued and held responsible, *he* may recover the damages assessed against the sheriff, and the counsel fees incurred, although they are outstanding against him.

Where the writ alleges the indebtment of defendant to be according to the *account annexed*, and for services performed for defendant, at his request, and the account annexed is " for your proportion of costs and expenses of suit W. *v.* N." the plaintiff may recover under that count, for the *service* of the writ.

And, although the plaintiff omitted to state such a claim in the opening of his case, it is within the *discretionary* power of the Court to allow him to claim it, where the writ and return have been used in the trial, even after the evidence is all out, and the counsel for defendant is about adressing the jury.

Where a question of fact is left to the jury, whether the instructions of a client authorized his counsel to indemnify an officer in the client's name, the indemnity made by the counsel, may be read to the jury.

A motion to set aside the verdict as against evidence, without a full report of the evidence, certified by the Judge presiding at the trial, cannot be considered.

ON EXCEPTIONS from *Nisi Prius*, CUTTING, J., presiding. ASSUMPSIT.

The writ contained this count alone. "For that said defendant, at said Perry, on the day of the purchase of this writ, being indebted to the plaintiff in the sum of $55, according to the account annexed, and for so much money before that time by the plaintiff paid, laid out and expended for the said Merrill, at his request, and for a like sum for services performed by plaintiff for the said defendant, at his like request, in consideration," &c.

This account was annexed : —

"To your proportion of costs and expenses of suit, *Wheeler & als.* v. *Nichols,* and interest to this date, $55,10."

No bill of particulars was furnished, though the defendant called for it before the trial.

When plaintiff stated his case to the jury, he claimed that defendant was bound to pay his proportion of $156, being the balance of a certain execution, *Wheeler & als* v. *Nichols,* also his proportion of $90 as counsel fees, for defending the suit against Nichols, and that his proportion of the whole was $48,50, with interest from the time of demand, amounting to the sum named in the writ.

The plaintiff, a deputy of the sheriff Nichols, attached a stock of goods as the property of Cornelius Bedloe & al., upon sundry writs against them, the last attachment being in favor of defendant. This stock was mortgaged to Wheeler & als., and the mortgagees sued the sheriff, and recovered their value. The sum recovered was $156 above the net proceeds of the goods. In the defence of that suit the counsel fees amounted to $90,00 ; and when the proportions of the several attaching creditors of the Bedloes was ascertained, $48,50 belonged to defendant.

Six creditors of the Bedloes, caused their goods to be attached, and on Sept. 11, 1847, their attorneys gave plain-

tiff, who was a deputy and performed that service, an indemnity for so doing.

This paper was read to the jury against the objections of defendant.

Plaintiff offered in evidence, the writ in which defendant sued the Bedlocs, on which was a return of plaintiff that he had attached the stock subject to five previous attachments.

He also introduced the other writs and judgments against them.

The plaintiff also called Geo. Walker, Esq. as a witness, who testified that defendant brought to the law firm, of which he was a member, a writ he had made against the Bedlocs and wanted it secured if it could be done, and that we were to go on with the suit, if there was a reasonable probability of success.

They advised him to attach and summon the mortgagees as trustees, which he said he would have done. He never informed defendant that there must be an indemnity to the officer, or that one had been given until after the termination of the sheriff suit. The officer required no indemnity at the time of the attachment and none was given.

It was also proved, that the judgment against the sheriff had been satisfied mostly by Nichols, but some small sums had been paid by plaintiff.

The defendant proved, that one Clapp had been put in keeper of the goods, under an attachment made prior to any of those above named, and that before the attachments herein named, he was in charge of them in behalf of the mortgagees.

He also showed by the dockets of the Court, that at the term his action was entered, it was not continued, nor was any judgment entered up in the case. At the succeeding term, under this action was written, " misentry."

After the evidence was closed, and the defendant's counsel was about to address the jury, the plaintiff's counsel

stated to him, that he should claim to recover the fees of plaintiff in serving the defendant's writ v. *Bedloe & al.*

The counsel for defendant requested the following instructions : —

1. That the officer having in July, 1847, made his return on attachments on these writs, the rights of the parties were fixed, and that the sheriff would be liable to plaintiffs in said actions, if the officer should, in the following September, give up the attachments, when he had a right to hold them.

2. That Bradbury & Walker could not bind the defendant by entering into such a stipulation, as that given to plaintiff Sept. 11, 1847.

3. That there was no necessity of giving any such stipulation, for the returns held the officer, in case the mortgagees had not a paramount title.

4. That if the jury believe from the evidence, that the instructions to Messrs. B. & W. by defendant were, that they should not go on with the suit, unless there was a good prospect, or a reasonable prospect of success, in securing the debt, and if it became manifest before and on the 11th day of September, 1847, that the proceeds of the attached property could not pay the claims in the suits, when there were preceding attachments, and that they would absorb the proceeds thereof, they, said B. & W., had no right to go on, and subject the defendant to costs, in this manner.

5. That unless defendant had authorized his said attorneys to bind him by such stipulations, or had assented to it afterwards, he was not bound thereby.

6. That before the plaintiff could have a right to recover in this suit, he must prove by satisfactory evidence that he had paid the sum of $156, the balance of the execution, *Wheeler* v. *Nichols*, over the net proceeds of the attached property; and also the sum of $90 for counsel fees, said to be incurred in the defence of that suit.

7. That the plaintiff cannot recover for any thing, but what is included in the account annexed to the writ; that

he has no right, in this action, to recover fees for serving the writ, *Merrill* v. *Bedloes.*

8. That there was nothing in the case from which the jury would have a right to infer, that the claim of the Frontier Bank was to be thrown out, or overlooked, in ascertaining whether there would be funds out of the proceeds of the attached property to pay any thing on Merrill's claim.

9. That plaintiff is not entitled to recover, unless defendant is bound by the contract purporting to be signed in his behalf by Bradbury & Walker.

The Court declined to give either of the desired instructions, except so far as they are contained in the following instructions to the jury: — *that* the plaintiff might recover the sum of $6, his fees for the service of the writ against Bedloe, provided, the evidence satisfied them that he performed that service; *that* attorneys could only bind their clients to the extent and within the scope of their instructions, that beyond that they might bind themselves, but not their clients; *that* if the jury believed from the evidence, that Merrill's instructions to Bradbury & Walker were, that they should not persevere in the attachment of the Bedloe goods on his writ, and in the prosecution of the suit, unless there was a good prospect of success, and if upon the eleventh day of September, the day the writing given to Nutt, the plaintiff, was signed, the attorneys of Merrill knew, or might have known, that the sales of the attached property would not, or probably would not, be sufficient to pay the judgments to be recovered in the suits, where the attachments preceded Merrill's, they were not authorized to bind the said Merrill by that writing; *that* from the position in which they stood to the suits, except that of the Canal Bank, being attorneys for plaintiffs, and from the fact that the sale of the goods took place in Calais, where they lived, the jury would consider whether they might not have known the facts touching the sale of goods and the net proceeds; *that* in regard to the suit of the Frontier Bank, the jury would judge whether there was any reason to apprehend that that

suit could be successfully resisted; *that* in connection with this, they would consider the fact that the demand sued in this action, was included in the suits named in the writing given to Nutt, and that the witness, Walker, had not stated, that it was apprehended that suit might not be successfully prosecuted; *that*, as the declaration was upon the money counts, they should infer nothing against the maintenance of this action, from the suggestion that the draft filed with the writ, did not appear to be due when that suit was commenced.

The Court also instructed the jury that if defendant instructed the officer to attach the goods upon his writ, he would be responsible to the officer making the attachment, without any writing, the writing would specify the extent of his liability and the mode of apportioning it; but if the mortgagees, on 11 Sept. 1847, offered to take the goods or the net proceeds, that defendant would be liable to plaintiff for damages only, up to that period, provided, that the instructions did not authorize them to proceed further with the action and attachment.

The jury returned a verdict for $58,05.

Defendant excepted to the instructions and the refusal to give those requested. He also filed a motion to set aside the verdict as against evidence, but no copy of such motion was found among the papers.

*Thacher*, in support of the exceptions.

*Granger, contra.*

TENNEY, J.— The defendant's counsel, in their argument, insist that the fourth, fifth, sixth and eighth instructions, as requested, should have been given to the jury. The first two, and the last of these instructions, were not given in the language employed by the counsel, but the general instructions given, embraced substantially those requested in all respects, and were quite as favorable to the defendant, as he was entitled to demand; and he was not aggrieved in this particular.

The sixth instruction requested was, "that before the plaintiff could have a right to recover in this suit, he must prove, by satisfactory evidence, that he had paid the sum of $156, the balance of the execution, *Wheeler* v. *Nichols*, over the net proceeds of the attached property; and also the sum of $90, for counsel fees, said to be incurred in the defence of that suit."

It is understood from the case, that the plaintiff defended the suit against the sheriff, it being for the alleged misdoings of his deputy; and the plaintiff also incurred an expense, in so doing, of the sum of $90, as counsel fees; and the excess of the execution, in favor of *Wheeler & als.* v. *Nichols*, recovered in the same suit, over and above the avails of the goods sold, was the sum of $156. No evidence was introduced, or suggestion made at the argument, that the defendant had entered into any agreement with the sheriff, for his indemnity, or the counsel, who defended the action against him, to pay for his services. And no privity existed in any manner, between the sheriff or counsel, and the defendant, so that the latter would be liable to either. And as the plaintiff, the deputy of the sheriff, and his bondsmen, were the only persons on whom Nichols could call for payment of the balance of the execution, and that by the contract in the bond of the deputy, and the plaintiff was alone responsible for the counsel fees, under an express or implied contract, it must have been to the defendant a matter of indifference, whether these contracts, in these respects, had been discharged or not. The breach of them could cause, in no event, any injury to him; and the plaintiff would be entitled to recover, notwithstanding the claims of Nichols and his counsel were still outstanding. *Levet* v. *Hawes*, Cro. Eliz. 619, 652; *Rippon* v. *Norton*, Ibid. 849; *Smith* v. *Berry*, 37 Maine, 298.

It is insisted, on the part of the defendant, that the charge of the plaintiff for the service of his writ, v. *Bedloe & al.*, cannot be recovered, because the declaration does not include it, and because the plaintiff's counsel, in his opening to

the jury, did not expressly claim it. The declaration in the writ, among other things, contains a claim for services performed for the defendant, at his request; and this will embrace the service of the writ. The case finds, that before the argument of the defendant's counsel to the jury, he was informed, on the part of the plaintiff, that this claim would be insisted on. And it was within the discretionary power of the Court, to allow this to be presented, notwithstanding it had before been announced, that the case had closed.

The objection, that the declaration in the writ is insufficient to cover the claim for the defendant's proportion of the unpaid balance of the execution against Nichols, because the same was neither " costs nor expenses of suit, *Wheeler* v. *Nichols*," has no foundation. If not costs or expenses in the suit, it could be allowed under the head of " money paid, laid out and expended for the said Merrill, at his request."

The contract entered into by the defendant's counsel with the plaintiff, on Sept. 11, 1847, was received in evidence, against the objection of the defendant. At the trial, a question of fact was presented, whether the instructions, which were given by the defendant to his attorneys, who afterwards executed this contract, within their legitimate scope, would authorize them to defend the suit against Nichols. Evidence was introduced upon this question, which being properly submitted to the jury, and without objection, it was not improper, that the writing should be read in connexion therewith; and as the Judge instructed the jury, in his charge, that if Merrill's instructions to his attorneys were, that they should not persevere in the attachment of Bedloe's goods on his writ, and in the prosecution of the suit, unless there was a good prospect of success, and if, upon Sept. 11, 1847, the day of the date of the writing, they knew, or might have known, that the sales of the attached property would not, or probably would not, be sufficient to pay the judgments in the suits where the attachments preceded Merrill's, they were not authorized to bind him by that writing, this writing could not have been consid-

ered by the jury, as being before them for any purpose, not legally authorized.

It appears from the exceptions, that the motion to set aside the verdict, may be copied, and made a part of the case. No copy of the motion is found among the papers; neither is there a report of all the evidence of the case, certified by the Judge who presided at the trial, according to the provision of the statute of 1852, c. 246, § 8, and the motion cannot be considered.          *Exceptions overruled.*
*Judgment on the verdict.*